**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**SAMANTHA BLAKENSHIP AND            PLAINTIFFS
VALERIE WEST, on behalf of themselves and
On behalf of the other similarly situated former
Employees of Defendants,**

**NO. 4:05CV00568 JMM**

**EASTERN OZARKS REGIONAL HEALTH
SYSTEMS, INC., COUNTRY MEDICAL SERVICES
OF ARKANSAS, INC., d/b/a EASTERN OZARKS
HOME HEALTH AND HOSPICE, COUNTRY
HEALTH ASSOCIATES, INC., and MIDCARE, INC.
f/k/a COUNTRY HEALTH ASSOCIATES-SOUTH, INC.
DEFENDANTS**

## PROTECTIVE ORDER PURSUANT TO STIPULATION AND AGREEMENT

On this 18th day of August, 2005, based upon the parties' stipulation and agreement for a Protective Order, the Court makes the following Orders:

1.      Confidential Information, as later defined herein, and produced by either party or pursuant to a release for medical or employment records in this action, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except Qualified Persons, as herein defined.

2.      Confidential Information shall be deemed to include, without limitation:

    a)    Those personnel files, medical reports, files, proprietary information, trade secrets, and other matters now requested or hereinafter requested by the parties or relating to the operation and organization of the Defendants and such other information as may be deemed by this Court to be relevant or material herein.

    b)    Any information concerning such as set forth in 2(a) herein above as may be, from time to time, produced by the parties herein and declared by the party at the time of production to be "Confidential Information" and subject to this Order, such designation to be in writing and may be by letter of transmittal to the party.

3.    Except with the prior written consent of the party or pursuant to further Order of this Court on motion with notice to the party, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include the parties, any future counsel of record for the parties in this action, and secretaries, paraprofessional assistants, and other employees of such counsel who would be actively engaged in assisting counsel in connection with this action.  Counsel for the Plaintiff specifically agrees that Confidential Information contained in the personnel files of current or former employees will not be disclosed to anyone, unless used in the course of the actual trial proceedings.

4.    Upon receipt of Confidential Information from opposing counsel, the party receiving the Confidential Information shall execute and return to opposing counsel a document entitled "Inventory of Confidential Documents Received" in

the form affixed hereto as Exhibit 1.

5.   This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation. At the conclusion of this action, including all appeals:

    a)  The parties or counsel shall take all reasonable steps necessary to reclaim all Confidential Information, including correspondence, memoranda, notes or any other documents embodying such information, in whole or in part, and counsel shall return all copies of such Confidential Information to opposing party's counsel.

    b)  Counsel and all Qualified Persons are enjoined from disclosing in any manner any Confidential Information obtained during the course of this proceeding. Severe sanctions will attach to any person who discloses such in violation of this provision.

6.   Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated "Confidential Information" to remove such from the application of this Order.

7.   Such Confidential Information as may be required to be filed with the Court and with the Clerk of this Court shall be filed under seal.  Only the Court, Court personnel, and counsel for the parties shall have access to the sealed record in this proceeding until further Order of this Court.

IT IS HEREBY SO ORDERED this 18th day of August, 2005.


UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

Carolyn B. Witherspoon (#78172)
Brian A. Vandiver (#2001078)
CROSS, GUNTER, WITHERSPOON &
    GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Post Office Box 3178 (72203)
Little Rock, Arkansas 72201
Telephone:   (501) 371-9999
Facsimile:    (501) 371-0035


By: /s/ Brian A. Vandiver

**ATTORNEYS FOR DEFENDANTS**


Hank Bates
Steve Owings
P.O. Box 25438
Little Rock, AR  72221-5438

John C. Lankenau
Stuart J. Miller
Lankenau & Miller, LLP
1775 Broadway, Suite 610
NY, NY 10019

Julie Hurwitz
Mark Fancher
The NLG Maurice and Jane Sugar

Law Center for Economic And Social
Justice, a non-profit law firm
733 St. Antoine Street, 3rd Floor
Detroit, MI  48226

By: /s/ Stuart J. Miller

**ATTORNEYS FOR PLAINTIFFS**

## EXHIBIT A
## INVENTORY OF CONFIDENTIAL DOCUMENTS RECEIVED

    I hereby acknowledge receipt of the following documents, document pages, and/or depositions which are subject to the Protective Order for the protection of documents in United States District Court for the Eastern District of Arkansas, Western Division, Case No. 4:05cv00568 JMM, (list all documents, pages, and depositions received):


1.	Excel Document summarizing October 1- 15, 2004 wage information for Eastern
	Ozark employees produced to Plaintiffs' counsel Monday, August 8, 2005.



By: /s/ Stuart J. Miller

DATE:  August 11, 2005

108242